**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO MELGAR-CABRERA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WARDEN B. LAMMER,<br><br>　　　　　Respondent. | Case No. 5:23-cv-02362-JWH (BFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends the dismissal of this action without prejudice because the Petition, filed under 28 U.S.C. § 2241, does not challenge the execution of a sentence or qualify for the "escape hatch" of 28 U.S.C. § 2255(e). (ECF No. 18.) For the following reasons, Petitioner's objections to the Report (ECF No. 20) do not warrant a change to the Magistrate Judge's findings or recommendation.

Petitioner objects that "he is under the protection of the extradition treaty" with El Salvador, which "extends to the execution of a sentence" under 28 U.S.C. § 2241. (ECF No. 20 at 2.) To the contrary, as the Report explained, Petitioner's claims do not pertain to the execution of his sentence, but instead relate to the lawfulness of his judgment of conviction and imposed sentence, which Petitioner must challenge on direct appeal or in a motion under 28 U.S.C. § 2255. (ECF No. 18 at 7-9.)

Petitioner objects that he is "serving a sentence for a crime which was not authorized in the extradition order." (ECF No. 20 at 3.) To the contrary, as the Report explained, the charges that the Salvadoran court had excluded as part of the extradition proceeding were ultimately dismissed by the sentencing court. (ECF No. 18 at 3.) *See also United States v. Melgar-Cabrera*, Case No. 1:09-cr-2962-WJ-KK, ECF No. 320 (D.N.M. Mar. 12, 2015); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1057 (10th Cir. 2018).

Petitioner objects that, even if he could have raised his extradition-based challenges on direct appeal or a motion under 28 U.S.C. § 2255, he may still raise them under 28 U.S.C. § 2241 because the Treaty is being violated "on a daily basis" while he is serving his sentence. (ECF No. 20 at 4.) To the contrary, that argument

does not demonstrate a proper challenge to the execution of a sentence under 28 U.S.C. § 2241.  Because Petitioner is challenging the validity of the sentence that was imposed, 28 U.S.C. § 2241 is not the proper vehicle for that challenge.  See *Bradshaw v. Story*, 86 F.3d 164, 167 (10th Cir. 1996) (habeas petition under § 2241 is not the appropriate vehicle to challenge a sentence "where alleged errors occurred at or prior to sentencing").

Petitioner objects that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective because it does not permit appeals of non-constitutional claims, such as his extradition-based claims.  (ECF No. 20 at 4-5.)  To the contrary, as the Report explained, "[t]he statutory limitation on the kinds of claims that can be appealed does not render the remedy provided in § 2255 inadequate to test the legality of other claims, and does not mean that Petitioner can bring his claims pursuant to § 2241."  (ECF No. 18 at 7.)  See also *United States v. Tinajero-Porras*, 697 F. App'x 609, 611 (10th Cir. 2017) (limits on a federal prisoner's ability to raise non-constitutional claims in a § 2255 proceeding do not establish that the remedy is inadequate or ineffective) (citing *Carvalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("§ 2255's substantive and procedural barriers by themselves do not establish that § 2255 is inadequate or ineffective.")).

Petitioner objects that he has provided "scenarios" in which a remedy under 28 U.S.C. § 2255 would be inadequate or ineffective.  (ECF No. 20 at 5-6.)  One such scenario would be if Petitioner "escapes today and then is re-extradited."  (*Id.* at 6.)  As the Report explained, however, hypothetical scenarios do not demonstrate that the remedy in this case was inadequate or ineffective to test the legality of Petitioner's detention.  (ECF No. 18 at 7.)

For those reasons, it is hereby **ORDERED** as follows:

1. Petitioner's objections are **OVERRULED**.
2. The Report and Recommendation of the Magistrate Judge is **ACCEPTED** and **ADOPTED**.

3

3.  Respondent's Motion to Dismiss the Petition is **GRANTED**.

4.  Respondent's Motion to Transfer is **DENIED as moot**.

5.  Judgment shall be entered **DISMISSING** this action **without prejudice**.

**IT IS SO ORDERED.**

DATED: July 10, 2024

JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE